UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PEL-STATE BULK PLANT, LLC　　　　　　　　　CIVIL ACTION
d/b/a PEL-STATE SERVICES

　　　　　　　　　　　　　　　　　　　　　　　NO. 14-265-SDD-RLB

VERSUS

UNIFIRST HOLDINGS, INC., ET AL

## O R D E R

Currently pending before the court is a Motion to Remand based, in part, on whether diversity of citizenship exists between the parties. Notwithstanding the arguments regarding the citizenship of plaintiff, the court notes the insufficiency of the removing Defendants' allegation of the citizenship of the parties in the Notice of Removal.

A party invoking diversity jurisdiction must properly allege the citizenship of a limited liability company. The citizenship of a limited liability company for diversity purposes is determined by the citizenship of **its members**. The citizenship of **all of the members** of a limited liability company must be properly alleged. In the event a member of a limited liability company is another limited liability company, the members of that limited liability company must be properly alleged as well. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

The Notice of Removal asserts that Pel-State Bulk Plant, LLC d/b/a Pel-State Services "is a Louisiana Limited Liability Company, with principal place of business in Shreveport, LA." (R. Doc. 1 at 2). The state of formation and the principal place of business are irrelevant for determining the citizenship of an LLC. Because the Notice of Removal does not identify the

citizenship of the Plaintiff's members, it does not provide the complete citizenship of the Plaintiff.

In the context of opposing Plaintiff's Motion to Remand (R. Doc. 11), Defendants have submitted a certificate of good standing provided by the Louisiana Secretary of State as evidence that William H. Broyles, II, who is domiciled in Louisiana, is a member of Pel-State Bulk Plant, LLC. (R. Doc. 17-1). Defendants have also argued that pursuant to the annual report filing requirements found in La. R.S. § 12:1308.1 and § 12:1305, Plaintiff is estopped from asserting that it has "unlisted members" not found in its annual reports. (R. Doc. 17 at 4).

It is Defendants obligation to distinctly and affirmatively allege the citizenship of the parties necessary to establish diversity jurisdiction. While the court will consider Defendants' argument that the Plaintiff is estopped from asserting the existence of "unlisted" additional members for the purpose of determining whether there is complete diversity, it is not clear whether (1) Defendant acknowledges that these "unlisted" members exist or (2) whether Defendant agrees that the citizenship of such an "unlisted" member would destroy diversity in this case if considered by the court.

Accordingly,

**IT IS ORDERED**, pursuant to 28 U.S.C. § 1653, that, on or before December 29, 2014, the removing Defendants shall file an amended notice of removal providing the citizenship of Pel-State Bulk Plant, LLC d/b/a Pel-State Services, by setting forth all citizenship particulars at the time of removal required to sustain federal diversity jurisdiction.

Signed in Baton Rouge, Louisiana, on December 19, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**