# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PEL-STATE BULK PLANT, LLC<br>d/b/a PEL-STATE SERVICES | CIVIL ACTION |
| VERSUS | 14-265-SDD-RLB |
| UNIFIRST HOLDINGS, INC., ET AL | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 14, 2015.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| PEL-STATE BULK PLANT, LLC<br>d/b/a PEL-STATE SERVICES | CIVIL ACTION |
| VERSUS | 14-265-SDD-RLB |
| UNIFIRST HOLDINGS, INC., ET AL | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion to Remand. (R. Doc. 11). The motion is opposed. (R. Doc. 17). Plaintiff has filed a supplemental memorandum. (R. Doc. 23).

**I.    BACKGROUND**

On March 17, 2014, Pel-State Bulk Plant, LLC d/b/a Pel-State Services ("Plaintiff") filed this suit in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana ("State Court"), naming as defendants Unifirst Holdings, Inc. and Unifirst Corporation (collectively, "Defendants"). (R. Doc. 1-2 at 3-7). Plaintiff alleges that a "Customer Service Agreement" ("Agreement") purportedly entered into between the parties on October 22, 2012 is void and unenforceable because the employee who executed the Agreement on behalf of Plaintiff did not have actual or apparent authority to do so. (R. Doc. 1-2 at 3-4). In December of 2013, Plaintiff informed Defendants that it was terminating their relationship based on poor quality of services and other disputes. (R. Doc. 1-2 at 4). On February 10, 2014, Defendants commenced an arbitration proceeding with the American Arbitration Association pursuant to the arbitration provision of the Agreement. (R. Doc. 1-2 at 4). Plaintiff is seeking a declaration that the Agreement is void and unenforceable, an enjoinment of the arbitration proceeding, and all other general and equitable relief to which it may be entitled. (R. Doc. 1-2 at 4-5).

1

On May 1, 2014, Defendants removed this proceeding. (R. Doc. 1). Defendants allege that this Court has subject matter jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332. In the alternative, Defendants allege that the Court has jurisdiction pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*.

On June 6, 2014, Defendants moved to compel arbitration. (R. Doc. 5). This motion is pending before the district judge.

On July 22, 2014, Plaintiff moved to remand his suit to state court. (R. Doc. 11).

**II.    ARGUMENTS OF THE PARTIES**

In support of remand, Plaintiff first argues that Defendants have not established complete diversity between the parties. Plaintiff claims that its only member is PSO, LLC, which is a Louisiana limited liability company. Plaintiff further claims that the only member of PSO, LLC is an individual named Nancy Tucker Rudd, who is a citizen of Texas. Accordingly, Plaintiff claims that it is a citizen of Texas and is non-diverse with regard to defendant Unifirst Holdings, Inc., which is also a citizen of Texas. In addition, Plaintiff argues that there is no federal question jurisdiction based on the Federal Arbitration Act because that statute does not create an independent basis for federal jurisdiction.

In opposition, Defendants do not address the issue of federal question jurisdiction. Instead, they focus their arguments on attempting to establish that Plaintiff is solely a citizen of Louisiana. Defendants submitted documents from the Louisiana Secretary of State in support of this position. Defendants also rely on Louisiana's annual reporting requirement, La. R.S. 12:1308.1, to demonstrate that Plaintiff is estopped from arguing that non-listed members (such as PSO, LLC) are its members. Defendants argue that even if PSO, LLC is a member of

2

Plaintiff, documents from the Louisiana Secretary of State suggest that it is a citizen of Louisiana.

Through a supplemental memorandum, Plaintiff submitted documents to support its position that PSO, LLC is its sole member. Plaintiff did not, however, submit any evidence to corroborate counsel's assertion that an individual named Nancy Tucker Rudd is a member of PSO, LLC or that PSO, LLC is a citizen of Texas.

## III. LAW AND ANALYSIS

### A. Federal Question Jurisdiction Based Upon the Federal Arbitration Act

The Court will first address Defendants' alternative basis for removal grounded upon the allegation that this Court has "original jurisdiction based upon the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*." because the "subject matter of the suit involves plaintiff's attempt to enjoin a valid arbitration proceeding." (R. Doc. 1 at 1). Plaintiff argues that there is no independent basis for subject matter jurisdiction in this case based upon the Federal Arbitration Act. (R. Doc. 11-1 at 4-5). In their Opposition, Defendants once again assert that they have removed on the alternative ground of jurisdiction pursuant to the Federal Arbitration Act, but they provide no analysis in support of this assertion. (R. Doc. 17 at 2). Based on Defendants' lack of argument, Plaintiff asserts that Defendants have conceded that federal question jurisdiction is lacking. (R. Doc. 32 at 1).

Section 4 of the Federal Arbitration Act provides the following with regard to subject matter jurisdiction:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

3

9 U.S.C. § 4. The Supreme Court has acknowledged that although the Federal Arbitration Act "creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate . . . it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 . . . or otherwise." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 26 n.32 (1983); *see also Smith v. Rush Retail Centers, Inc.*, 360 F.3d 504, 505 (5th Cir. 2004) ("It is well established that the FAA is not an independent grant of federal jurisdiction.").

Accordingly, this Court does not have subject matter jurisdiction pursuant to the Federal Arbitration Act.

### B.     Diversity Jurisdiction

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

Although not raised by the parties, the Court will first address the amount in controversy requirement before turning to the contested issue of complete diversity of citizenship.

## 1. Amount in Controversy

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice . . . does not permit demand for a specific sum" removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id.* If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See, e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

The amount in controversy in an action for declaratory or injunctive relief is measured by the value of the object of the litigation. Stated another way, the amount in controversy in an action for declaratory or injunctive relief is the value of the right to be protected or the extent of the injury to be prevented. *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252-53 (5th Cir. 1998).

Plaintiff has not disputed that the amount in controversy requirement is satisfied. Based on the allegations in the Petition, including the incorporated Customer Service Agreement, it is

not facially apparent that the amount in controversy has been satisfied. There is simply no context provided in the Petition for determining the value of the object of the litigation—the Customer Service Agreement. At most, the Petition informs the Court that the parties are engaged in a contract dispute regarding work uniforms and supplies of an undisclosed value.

Nevertheless, an attachment to Defendants' Motion to Compel Arbitration clarifies that the amount in controversy exceeds the jurisdictional amount. Defendants submitted a demand for arbitration on February 10, 2014 seeking recovery for $207,211.66 for breach of the Customer Service Agreement. (R. Doc. 5-1). Based on this amount demanded by Defendants through arbitration, and in the absence of any argument otherwise from Plaintiff, the Court concludes that the value of the object of the litigation exceeded $75,000 at the time of removal and that the amount in controversy requirement is satisfied.

### 2. Complete Diversity

"The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988). The citizenship of an unincorporated association, such as a limited liability company, is determined by the citizenship of each of its members, not its principal office or registered agent. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). When members are themselves limited liability companies, the citizenship must be traced through however many lawyers of members there may be. *Turner Bros. Crane & Rigging, LLC v. Kingboard Chem. Holding Ltd.*, No. 06-88, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007); *see also Louisiana Mid-Stream Terminals, LLC v. Caterpillar, Inc.*, No. 13-403, 2014 WL 4387575, at *1 (M.D. La. Sept. 4, 2014) ("[T]o properly allege the citizenship of a limited

liability company, each of the members must be identified and the citizenship of each member must be alleged. . . .").

When jurisdiction depends on citizenship, the citizenship of each party must be "distinctly and affirmatively" alleged in accordance with § 1332(a) and (c). *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir.1991) (quoting *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)); *see also Getty Oil*, 841 F.2d at 1259 ("We have stated repeatedly that when jurisdiction depends on citizenship, citizenship must be '*distinctly* and *affirmatively* alleged.'") (citing cases); *B., Inc. v. Miller Brewing*, 663 F.2d 545, 549 (5th Cir. 1981) ("where an out-of-state defendant removes an action from state to federal court, the burden is upon the removing party to plead a basis for federal jurisdiction").[1] If, however, plaintiff makes a good faith challenge to the factual allegations in the removal notice, then the burden is on the removing defendant to prove the existence of the jurisdictional facts. *See Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986). "In such a circumstance, the removing party may be required to submit some evidence in support of its allegations of citizenship." *Employers Mut. Cas. Co. v. Gemini Ins. Co.*, No. 13-816, 2014 WL 3541296, at *4 (M.D. La. July 17, 2014).

The parties dispute whether there is complete diversity. In its original Notice of Removal, Defendants allege that the complete diversity requirement is satisfied because (1) Plaintiff is a Louisiana limited liability company with its principal place of business in Louisiana; (2) Unifirst Corporation is a Massachusetts corporation and has its principal place of business in Massachusetts; and (3) Unifirst Holdings is a Delaware corporation with its principal place of business in Texas. (R. Doc. 1 at 2). Through its motion, Plaintiff does not dispute that it

---

[1] This is consistent with the pleading standards of Rule 8 of the Federal Rules of Civil Procedure ("A pleading that states a claim for relief must contain ... a short and plain statement of the grounds for the court's jurisdiction . . . ."). There is no requirement that a party asserting this Court's jurisdiction in filing a complaint is required to provide any such supporting documentation.

is a citizen of Louisiana, but also asserts that it is a citizen of Texas, which would destroy complete diversity because Unifirst Holdings is a citizen of Texas. (R. Doc. 11-1 at 2-4).

Plaintiff asserts that its only member is PSO, LLC, which in turn has a member named Nancy Tucker Rudd, who is a citizen of Texas. (R. Doc. 11-1 at 2). In its supporting memorandum, Plaintiff attaches documents showing that PSO, Inc. became a member of Matthews Oil Company L.L.C. on August 15, 2006. (R. Doc. 23 at 3; R. Doc. 23-1; R. Doc. 23-2; R. Doc. 23-3). On August 12, 2008, Matthews Oil Company L.L.C. changed its name to Pel-State Bulk Plant, LLC. (R. Doc. 17-2). On June 24, 2010, PSO, Inc. converted itself into a limited liability company named PSO, LLC. (R. Doc. 17-3). While Plaintiff has established that PSO, LLC is or was one of its members, it has not provided any supporting affidavit or other evidence supporting its assertion that Nancy Tucker Rudd is a citizen of Texas and a member of PSO, LLC.

Defendants assert that the sole member of Plaintiff is a Louisiana citizen, William H. Broyles, II, based on filings made with the Louisiana Secretary of State. (R. Doc. 17 at 3; R. Doc. 17-1; R. Doc. 17-2). Defendants further asserted that the sole member of PSO, LLC is William H. Broyles, II based on a filing made with the Louisiana Secretary of State. (R. Doc. 17 at 3; R. Doc. 17-3).[2]

Through the course of reviewing the parties' briefing regarding the instant motion, the Court determined Defendants' original Notice of Removal to be deficient because it fails to

---

[2] At most, the Louisiana Secretary of State documents may support a finding regarding a certain member of Plaintiff and PSO, LLC, but do not preclude a finding of additional members. The Court finds no merit in Defendants' argument that Louisiana's annual reporting requirements found in La. R.S. § 12:1308.1 and § 12:1305 estop Plaintiff from arguing (and the Court from considering) the existence of non-listed members (such as PSO, LLC). Such members may exist even if the statute's reporting requirements have not been followed. Defendant also does not suggest that plaintiff is somehow precluded from having additional members that are not available from the Secretary of State. Furthermore, Plaintiff makes no showing that 28 U.S.C. § 1332 or federal caselaw suggests that citizenship may be disregarded based on an individual state's reporting requirements.

allege the members of Plaintiff and the corresponding citizenship of those members. Accordingly, on December 19, 2014, the Court ordered the removing Defendants, pursuant to 28 U.S.C. § 1653, to file an amended notice of removal providing the citizenship of Pel-State Bulk Plant, LLC d/b/a Pel-State Services, by setting forth all citizenship particulars at the time of removal required to sustain federal diversity jurisdiction. (R. Doc. 28). The Order acknowledged that Defendants have argued that Plaintiff should be estopped from asserting that it has "unlisted members" not found in its annual reports obtainable from the Louisiana Secretary of State. (R. Doc. 28 at 2). The Order noted, however, that it remained unclear whether "(1) Defendant acknowledges that these "unlisted" members exist or (2) whether Defendant agrees that the citizenship of such an "unlisted" member would destroy diversity in this case if considered by the court." (R. Doc. 28 at 2).

On December 20, 2014, Defendants filed an Amended Notice of Removal. (R. Doc. 29). The Amended Notice of Removal provides that "[n]o member of the plaintiff PEL-STATE BULK PLANT, LLC d/b/a PEL-STATE SERVICES is a citizen of the states of MA, DE or TX." (R. Doc. 29 at 3). In addition, it provides that "[a]ccording to documents on file with the Louisiana Secretary of State, no members of the plaintiff LLC are citizens of any state other than LA." (R. Doc. 29 at 3). Neither the original Notice of Removal nor the Amended Notice of Removal identifies each of the members of Plaintiff (which is an LLC) or the individual citizenship of each of those members. Instead of "distinctly and affirmatively" alleging the citizenship of Plaintiff, the Amended Notice of Removal only states, in the negative, that Plaintiff is not a citizen of Massachusetts, Delaware, or Texas. Defendants appear to rely solely on their estoppel argument based on annual reporting requirements, which the Court finds insufficient. *See Allegheny Cas. Co. v. United Const. Co. of Cent. Florida*, No. 12-1363, 2013

WL 1344588, at *1 (M.D. Fla. Feb. 6, 2013) (recommending dismissal where plaintiff pled identity of LLC's managing member based on "printouts from the Florida Secretary of State Website" but "did not show that [he] was the *only* member" of defendant LLC), *report and recommendation adopted*, 2013 WL 1344844 (M.D. Fla. Apr. 2, 2013).

In support of its motion, Plaintiff has provided documents supporting its contention that PSO, LLC was one of its members at the time of removal.[3] Defendants have not acknowledged the existence of this member in its removal petitions or provided any evidence that PSO, LLC was not a member of Plaintiff at the time of removal.

Defendants have been aware of Plaintiff's contention that it is a citizen of Texas at least since the filing of Plaintiff's Motion to Remand on July 22, 2014. Defendants did not, however, seek leave of Court to conduct any jurisdictional discovery regarding Plaintiff's citizenship. Defendants have had an opportunity to conduct discovery since the filing of the Motion to Remand. The parties submitted their first Status Report on August 8, 2014, and presumably held a Rule 26(f) conference in drafting the Status Report. (R. Doc. 14). Furthermore, a scheduling order has been in place since November 3, 2014. (R. Doc. 27). Finally, the Court has provided Defendants with an opportunity to amend their Notice of Removal and distinctly and affirmatively allege the citizenship of each of Plaintiff's members. Defendants have failed to do so.

"Federal courts are courts of limited jurisdiction . . . . It is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party

---

[3] Plaintiff has not, however, provided any evidence that Nancy Tucker Rudd was a citizen of Texas and a member of PSO, LLC at the time of removal. Any evidence proving that Plaintiff is a citizen of Texas (in light of its member PSO, LLC and Nancy Tucker Rudd) would likely be in possession of Plaintiff. It is unclear why Plaintiff has, therefore, relied solely on representations by its counsel rather than supporting evidence to controvert Defendants' assertions that Plaintiff is only a citizen of Louisiana. Regardless, the burden to establish complete diversity falls on the removing defendants.

asserting jurisdiction." *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Based on the record, Defendants have not met their burden of establishing complete diversity.

### C. Plaintiff's Request for Attorney's Fees

Plaintiff requests that it is entitled to recover from Defendant its attorney's fees incurred in the filing of this Motion to Remand. (R. Doc. 11-1 at 6). Defendants have not specifically opposed the request for attorney's fees.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C.A. § 1447(c). The award of costs and expenses under § 1447(c) is discretionary and should only be awarded where the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 141 (2005). The court must consider the propriety of the removing party's actions at the time of removal, based on an objective view of the legal and factual elements in each particular case, irrespective of the fact that it was ultimately determined that removal was improper. *Id.*; *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997), *cert. denied*, 522 U.S. 977 (1997); *Miranti v. Lee*, 3 F.3d 925, 928-29 (5th Cir. 1993).

The Court recognizes that there can be difficulty in ascertaining all of the members of a limited liability company, particularly when the petition is silent and the LLC is an opposing party. The publicly available information would not have identified the existence of additional members. Although the Defendants did not identify the citizenship particulars to meet their burden, and despite the apparent decision to abandon their basis of removal based on federal question jurisdiction without any supporting argument, the Court does not recommend the

imposition of costs on the basis that Defendants did not have an objectively legal basis for removal based on diversity jurisdiction. Each party shall bear its own costs.

## IV. CONCLUSION

Defendants have failed to establish that there is federal question jurisdiction pursuant to 28 U.S.C. § 1331 based upon the Federal Arbitration Act or diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

## RECOMMENDATION

It is the recommendation of the magistrate judge that Plaintiff's Motion to Remand (R. Doc. 11) should be **GRANTED,** and that this matter be **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

Signed in Baton Rouge, Louisiana, on January 14, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**